Deaderick, J.,
delivered the opinion of the court.
These two causes, involving the same questions of law and of fact, were consolidated and heard together in the Chancery Court at Rutledge.
Actions of ejectment had been instituted in the Circuit Court of Grainger county by the complainant against the defendants, and they were pending at the time of the filing of said bills.
The complainant alleges that his remedy at law may be embarrassed by reason of the omission by mistake of one call in one of the deeds under which he claims title to the land in controversy, and prays that said mistake be corrected, and that he be put in possession of the land described in the bills of which he had been wrongfully dispossessed by the defendants. *152 and have an account against each of them for the rents and profits thereof.
The defendants to the two bills answered, Brooks and Tate denying the right of complainant to the land claimed, and insisting that no error nor mistake was committed in the conveyance by Manly to complainant.
Manly, who conveyed to complainant by deed, in which the mistake is alleged to have been made, also answers and admits- the accidental omission of a call in said deed as alleged in the said bills. The defendants in their answer submit to the jurisdiction of the court, and agree that the question of title to the land may be determined in the Chancery Court, one principal question of controversy being as to locality of what is described in the pleadings as the “Calhoun line.”
At the April Term, 1870, of the Chancery Court, parties entered of record an agreement that these two causes should be heard together, the court reserving the power to make such decree “as the equities of the parties arising upon the facts may require.” It is further recited that “the parties desiring that a jury shall be empanelled to try the issues of fact presented in the pleadings, the court is pleased to order and decree that the parties plead and make specific issues of record.”
Thereupon the complainant filed formal declarations in ejectment, claiming title to the land described in the bills, and alleging that the defendants entered upon it and ejected him; to which declaration de *153 fendants pleaded not guilty, and issue was taken on said plea. This was of course a material issue between the parties. It Avas thereupon ordered by the court that a jury come to try the issue joined.
It was further agreed by the parties that said issue be tried as in case of an ejectment at law. The two causes were accordingly submitted to a jury at the same term of the court, and they returned a verdict of “not guilty” in each case.
A motion Avas made for a new trial by complainant, Avhich motion was overruled by the court. A bill of exceptions Avas tendered, and sealed and signed by the court, and a decree pronounced in favor of defendants, from which complainant appeals to this court.
The record is voluminous, and elaborate and able arguments have been made upon both sides, but AAre do not deem it necessary to discuss or determine all the questions which have been made in the arguments of counsel.
Complainants insist that there are material errors in the charge of the court to the jury, and that for this reason the decree of the Chancellor should be reversed, and the causes remanded for a neAv trial upon a proper charge; while, for defendants, it is maintained that even if there were errors in the charge of the court, this court may disregard the verdict of the jury and decide the cause upon the law and facts presented in the record just as if no issue had been submitted for the determination of the jury.
Such Avas the English chancery practice, the purpose of ordering such issues out of chancery to be *154 tried iu a court of law appearing to be -for tbe “ information of the conscience of the Chancellor.” Upon the coming in of the verdict of the jury, the Chancellor, if not satisfied with it, might set it aside and proceed to decrees upon the law and the facts as if no such issue had been submitted to a jury.
Our own practice conformed to the English practice until modified by statute.
Judge Green, in Orgain v. Ramsey, delivering the opinion of the court, says: “A Chancellor is not bound by the finding of a jury upon an issue of fact out of chancery submitted to. them, and may disregard the finding and decide the cause ‘in the teeth of the verdict/ yet it does not follow that it is to have no weight with him, and ■ much less does it follow that this court is to be uninfluenced thereby ”: 3 Hum., 580.
In the case of Timmons v. Garrison, Judge Turley says: “The finding of an issue of fact in chancery is not as obligatory upon the court as the finding of a verdict upon an issue at common law, but still it has much weight”: 4 Hum., 149.
The cases cited above, in 3 and 4 Hum., were decided respectively in 1842 and 1843.
In 1846 the Legislature passed “An Act to amend the practice in the Chancery Courts,” by the 14th section of which it is enacted, “that from and after the passage of this act it shall be the duty of the Chancellors of this State, upon the application of either of the parties, to empanel a jury to try and determine any issue of fact involved in any case pending in said *155 courts; tbe finding of which jury shall be final and conclusive upon the Chancellor so far as the facts involved in the issue are concerned: provided, the Chancellor shall have power to grant new trials under the same rules and regulations that the Circuit Courts now have power to grant new trials”: Nich. Sup., 125.
In Gass v. Mason, 4 Sneed, 509, upon a rehearing of the cause, this court refused to set aside the verdict of the jury and remand the cause for another trial, but decreed against the finding of the jury and reversed the Chancellor’s decree, upon the ground that the issue submitted was an immaterial one, and they therefore treated it as a nullity.
They refer to the act of 1846, and do not controvert the conclusiveness of a verdict in chancery upon proper issue, until set aside upon a new trial being granted.
An act to amend the act of 1846 was passed February 5, 1850, which provides that but one jury trial should be had in any case, but as many issues might be tried as desired by the parties, provided the Chancellor may grant a new trial as provided in the 14th section of the act of 1846. This amendment was designed to secure the submission of all the issues of fact that either party might demand to have so tried to the same jury at the same trial.
Sec. 3156 of the Code, provides that issues of fact in chancery, made upon demand of either party, and tried by jury according to the forms of a court of law, are not embraced in the foregoing section, and errors in the proceedings therein had, can only be *156 corrected as errors are corrected in actions at law. The section referred to is 3155, which provides for a re-examination, upon appeal to this court, in a chancery cause, of the whole matter of law and of fact appearing in the record.
Sec. 4465 provides that either party to a suit in chancery is entitled to a jury to try and determine any material fact in dispute, and all the issues of fact in any case shall be submitted to one jury.
Section 4469 provides that “the trial shall be conducted like other jury trials at law, the finding of the jury having the same force and effect, and the court having the same power and control over the finding as on such trials at law.'” These two sections last named give either party a right to have any material fact in dispute tried by a jury, and the Chancellor has the same power and control of the verdict as on such trials at law.
If the verdict is contrary to the evidence or there be any other sufficient reason therefor, he may grant a new trial, but he can not disregard the verdict and decree against it, any more than a court of law could render judgment against the verdict of a jury.
The force and effect of a verdict are conclusive as to the facts found at law, if a new trial is not granted; and by the express terms of the statute the same effect is given to it on an issue of fact in Chancery.
Then upon appeal to this court in such a case, ss. 3155, 3156, expressly provide that in a matter of equity, tried according to the forms of the Chancery Court, either party dissatisfied with the judgment or *157 decree, may, upon appeal to the Supreme Court, have the whole matter of law and fact in the record reexamined, except issues of fact in Chancery tried by a jury, and any errors in the proceedings therein can only be corrected as errors are corrected in actions at law.
In actions at law, if the Judge has misdirected the jury or admitted illegal testimony in favor of the verdict, we correct such errors by setting aside the verdict and remanding the cause for a new trial. And according to the sect¿6ns last cited, if such errors have been committed they can only be corrected as errors are corrected in actions at law, by reversing the decree or judgment and remanding the cause for a new trial.
The right to a trial by a jury necessarily implies the right to have it upon legal evidence and a proper charge of the court.
This brings us to the examination of the alleged errors in the charge of the court.
The first error assigned is that the court told the jury in substance that plaintiff must prove that defendant has entered upon or claims title to the land in controversy.
The defendant, under the plea of not guilty, admits that he is in possession of the land sued for, unless he states of record the extent of his possession, and it is therefore not necessary that plaintiff should prove it.
The court also charged the jury, “ if the calls are a certain distance to marked tree thence with the line *158 of a tract mentioned, the marked trees being forty-poles short of the line called for, the line must be extended beyond the marked trees to the line called for so as to run with it, and thus answer the next call.”
This charge was correct: Peck, 321; 1 Hum., Ill; but in a subsequent part of the charge the court instructed the jury that if a line is called for and a tree described as standing in that line, and the same line is claimed to run at another place, the tree called for as being in the line is locative of the line and must control and conclusively shows which point was meant to be established as the true line.
This charge is contradictory to a former part of the charge, and is erroneous in holding that the calls must control and conclusively show where the line is established. While it is evidence to be considered by the jury, it is not conclusive. The. tree might be described as standing in a line called for, yet it might be clearly shown that the line called for was beyond the trees by other evidence in the cause.
The court further charged the jury that if they find the calls of the deed from Manly to plaintiif the same as those from Tate to Manly, and that the calls in each deed fit the natural objects called for, then they will find for defendants, as the evidence thus furnished repels the complainant’s charge that McAn-nally had made a mistake in drawing the deed, and no correction of the deed can be made.
This charge is erroneous. • The proof of the facts stated would, according to the charge, prevent plaintiff *159 from showing by other evidence, satisfactory to the jury, that a mistake had been made in drawing the deed. But the jury are told, not that the facts which they might find are evidence to be considered by them as tending to establish the proposition submitted, but that “the evidence thus furnished repels the complainant’s charge” — thus in effect telling them that the plaintiff’s allegation that a mistake was made in drawing the deed is disproved.
Other errors are assigned, but enough have been adverted to to show that a new trial must be had.
The decree of the Chancellor will be reversed, and the causes will be remanded for a new trial under proper instructions from the court to the jury.